THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUSTIN BAKER,<br><br>               Plaintiff,<br><br>    v.<br><br>AVENUE5 RESIDENTAL, *et al.*,<br><br>               Defendants. | CASE NO. C24-0300-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to appoint counsel (Dkt. No. 9.) Having duly considered the briefing and the relevant record, the Court hereby DENIES the motion for the reasons described below.

Plaintiff contends that he requires counsel to pursue housing discrimination claims. (*See generally* Dkt. No. 9.) The appointment of counsel for a *pro se* litigant in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965). While a court may do so for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1),[1] this is limited to "exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir.

---

[1] 28 U.S.C. § 1915 does not actually authorize the Court to force a lawyer to take a case. Nor does the Court have staff attorneys standing by to represent *pro se* litigants. Instead, the Court may only "request" that an attorney represent an indigent litigant. 28 U.S.C. § 1915(e); *see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307 (1989) (holding that § 1915(e) authorizes "courts to ask but not compel lawyers to represent indigent litigants.")

ORDER
C24-0300-JCC
Page 1

1984). When determining whether such circumstances arise, the Court considers "the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff's case history demonstrates an ability to sufficiently articulate his claims. *See, e.g., Baker v. Avenue5 Residential*, Case No. C23-1207-RSL (W.D. Wash.); *Baker v. Thrive Communities*, Case No. C22-872-LK (W.D. Wash). Moreover, Plaintiff's instant claims appear no more likely to succeed on the merits than his prior ones. (*See generally* Dkt. No. 7.) As such, Plaintiff has not established exceptional circumstances warranting the appointment of counsel.

Accordingly, Plaintiff's motion to appoint counsel (Dkt. No. 9) is DENIED.

DATED this 27th day of March 2024.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE